UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA ）

Vs. ） CASE NO: 1:25cr00042-3

TORRANCE URBAN MILLER ）

## DEFENDANT TORRANCE URBAN MILLER'S SENTENCING MEMORANDUM

NOW COMES Defendant, by and through counsel, and files this sentencing memorandum for consideration by this Court prior to sentencing. Defendant hereby requests the Court consider the mitigating factors set forth herein to fashion a sentence no greater than is necessary to accomplish justice in this case.

## INTRODUCTION

Mr. Miller is currently before the Court for a conviction for Theft of Mail pursuant to 18 U.S.C. 1708. He was arrested on October 29, 2024 by state authorities for related state-level offenses based upon the offense conduct in this case. He was not released on bond as to those State offenses. On July 21, 2025, Miller appeared before this Court for initial appearance and arraignment. He entered a not guilty plea. On February 26, 2026, Miller pled guilty to Count 1 (Theft of Mail, 18 U.S.C. 1708). His guideline range is 51 months to 63 months. The statutorily authorized maximum sentence is 60 months. The plea agreement contains a low end guidelines recommendation from the United States. Mr. Miller has accepted responsibility for his conduct.

## CITATION OF LAW

The Court must impose a reasonable sentence that is sufficient but not greater than necessary to comply with the purposes listed in 18 U.S.C. §3553 (a). Gall v. United States, 552 U.S. 38 (2007) (emphasis added); 18 U.S.C. §3553 (a). Section 3553 (a) contains seven factors to be considered at sentencing:

(1)     the nature and circumstances of the offense and the history and characteristics of defendant;

(2)     the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

(5)     any pertinent policy statement;

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.  United States Code 18 U.S.C. §3553 (a)

The Guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220 (2005).  This Circuit has agreed that the Guidelines must be considered and that other factors under 3553(a) must be used to determine the appropriate sentence.  *United States v. Stratton*, 519 F.3d 1305 (11th Cir. 2008).  However, in determining whether a sentence is reasonable under Booker, a sentencing Court should defer to 3553(a) and consider all relevant factors in determining the type of sentence that satisfies the sentencing mandate.  By statute, the Court must consider all of "the kinds of sentences available," 18 U.S.C. 3553(a)(3), even if the kinds of sentences available established by the Guidelines permit or encourage only prison.  See *Gall* 552 U.S. at 59.

A variance is based on a simple premise:  A within Guidelines sentence contravenes 18 U.S.C. 3553(a)'s overarching instruction to impose a sentence sufficient but not greater than necessary. Kimbrough v. United States, 552 U.S. 85, 111 (2007).

ARGUMENT

A.     The Guidelines Loss table Substantially Overstates the amount of loss attributed to Miller in this Offense.  Accordingly, a modest variance should be considered.

Mr. Miller acknowledges that the loss amount under the Guidelines in this matter is more than $250,000 but less than 550,000.  Accordingly, the Guidelines provide an enhancement that adds 12 points to Miller's total offense level.  The Guidelines amount of loss is based upon the value of the mail (i.e. total amount of checks) that was taken from the victim's mailboxes on January 18, 2024. PSI, par. 6, page 4.  At the time of the theft, Miller was driving the vehicle. Although the amount of loss for purposes of the guidelines is correct, it does not account for the fact that there is no evidence of actual loss to the victims during the incident on that date.  There is no evidence Defendant Miller had any knowledge of the value of the checks at the time of the incident.  Also, there is no evidence that Defendant personally benefitted from the theft on this date or prior to the incident.  The record demonstrates that Miller's role in this scheme began after its establishment and was substantially limited in comparison to the other Co-Defendants. The Court should consider a modest variance to adjust the sentence notwithstanding the Guideline range in this case.

B. Community Support

Mr. Miller has strong support within his family and community. Exhibit A contains letters of support that reflect this support. This should also be considered by the Court in determining an appropriate sentence for Mr. Miller.

WHEREFORE Defendant prays that the Court fashion an appropriate sentence that is sufficient but not greater than necessary to accomplish the purposes listed in 18 U.S.C. §3553 (a) for the reasons set forth herein and for such other relief as the Court deems just and proper under the circumstances.

This 30th day of June, 2026.

(s)WENDELL E. JOHNSTON, JR.
Georgia Bar # 397005
Attorney for Defendant

JOHNSTON & SMITH, LLP

235 Davis Road

Augusta, Georgia  30907

(706) 860-1952

(706) 855-0994

# EXHIBIT "A"

Re: Torrance Urban Miller
Case No: 1:25CR000042

Reference letter from Latoya K. Summerset-Alexander

To Whom it may concern:

My name is Latoya K. Summerset-Alexander, and I am a resident of Stonecrest, Georgia. I am writing this letter to provide my character reference for Torrence Miller. I have known Torrence for 22 years. During this time, I've had the opportunity to observe his character and behavior.

I believe it is important to highlight some key qualities of Torrence Miller. He's a caring and compassionate individual. He maintains strong relationships with family and friends. And he shows great responsibility in his work and personal commitments.

In October of 2006, my husband and I were faced with devastating news of losing a twin while the other twin survived. Torrence helped us get through the grieving process. He would call and stop by often times, giving us encouraging words, psalms, and prayers. Soon after, he publicly pledged to be our son's godfather and promised to help guide his spiritual growth and well-being as he matured. I can recall Torrence showing up to football games rooting his godson on from the sidelines. Nineteen years later, he remains a wonderful godfather; admitting to his mistakes and encouraging his godson to do better and to always make Godly decisions.

It is with sincerity that I ask you to consider this letter when assessing Torrence's character. I have no doubt about his potential for rehabilitation and the positive impact he can continue to have.

Thank you for taking the time to read this letter. Should you require any further information or clarification, please feel free to contact me at 786.355.3441 or Latoyaalexander18810@gmail.com

Respectfully yours,

Latoya K. Summerset-Alexander

Re: Torrance Urban Miller
Case No: 1:25CR000042

Reference letter from Florice Curry

 

torrence miller

From Florice Curry <curryflorice_25@yahoo.com>
Date Wed 6/24/2026 2:43 PM
To    Wendell Johnston <wendell@johnstonsmithlaw.com>

## To Whom It May Concern,

**I am writing to express how much my cousin means to me and our family. His absence has left a huge void in our lives that is felt every single day. He is more than just my cousin—he is someone I have always looked up to, someone who has made me laugh during difficult times, supported me when I needed encouragement, and reminded me that family is one of the most important things we have.**

**Seeing him away from his loved ones has been heartbreaking. Despite the circumstances that brought him here, I know the person he is beyond this situation. I know his kindness, his sense of humor, his love for his family, and the genuine care he has for the people around him. He is deeply missed by those who love him, and his absence has affected our family in ways that are difficult to put into words.**

**I truly believe that he has the ability to learn, grow, and continue becoming a better person. He has people waiting for him, supporting him, and believing in him. Our family needs him, and I personally miss him every day. I look forward to the day when he can return home and continue rebuilding his life surrounded by the people who love and care about him.**

**Thank you for taking the time to read my statement.**

**Sincerely,**
**Florice curry**

Sent from Yahoo Mail for iPhone

Re: Torrance Urban Miller
Case No: 1:25CR000042

Reference letter from Samantha Taylor

 Outlook

## Samantha Taylor

**From** Samantha Taylor <samanthataylor168@gmail.com>
**Date** Fri 6/26/2026 1:30 PM
**To** Wendell Johnston <wendell@johnstonsmithlaw.com>

Hello I am Samantha Taylor Torrence Miller cousin and him being in jail having put toll on me I fear for his life in there I always miss very much he was a big help out when he was free he pick my kids up sometimes and always look out and he great over all all my life he was a stand a guy and I do miss him very much.

Re: Torrance Urban Miller
Case No: 1:25CR000042


Reference letter from Narrissa Davis

 Outlook

## About Torrance miller

From Narrissa Davis <narrissadavis27@icloud.com>
Date Tue 6/23/2026 9:50 AM
To Wendell Johnston <wendell@johnstonsmithlaw.com>

Hello good morning I'm Narrissa Davis , Torrance miller lil cousin I knew I couldn't be there physical for his court date so I sent an email just clearly stating how such of a good person he is he always there for me and my kids him being gone put a toll on me and my kids. He was a big help of my life and my kids life we miss him dearly and we just asking that they please have mercy on him because he's not the type of person. He's a very loving and caring fun person.

Re: Torrance Urban Miller
Case No: 1:25CR000042

Reference letter from Sharon James, Pastor

 Outlook

## Torrance miller

**From** sharon james <sharonjames507@gmail.com>
**Date** Tue 6/23/2026 3:56 PM
**To** Wendell Johnston <wendell@johnstonsmithlaw.com>

hello writing as a pastor and a big cousin of miller I'm unable to make his court date but I pray and hopes this reaches the judge I adapted a baby in 2024 and me & miller decided to grow her up together and she haven't met him yet only through jail videos I ask that y'all give him some grace cause all his life he took care of his family and always then there whether it was watching kids or being there physically emotionally or mentally we all miss him dearly in he's far away from home if yall can find it in yall hearts to send him back home to his family he's been gone far to long

Re: Torrance Urban Miller
Case No: 1:25CR000042


Reference letter from Phyllis Macklin

 

**(No subject)**

From Phyllis Collier <phyllismcollier@yahoo.com>

Date Tue 6/30/2026 1:20 AM

To Wendell Johnston <wendell@johnstonsmithlaw.com>

TO WHOM IT MAY CONCERN, I PHYLLIS MACKLIN IS SPEAKING ON TRUTH, AND NOTHING BUT THE TRUTH. MY COUSIN TORRANCE MILLER, IS VERY HUMBLE AND FAMILY MAN. HE, I, AND THE FAMILY HAVE NEVER EXPERIENCED BEING AWAY FROM EACH OTHER THIS LONG. TORRANCE HAS ALWAYS BEEN THERE WITH US AND FOR US. ESPECIALLY FOR THE KIDS, AND THEY ARE REALLY MISSING HIM. TORRANCE HAS LOST HIS SISTER TO DOMESTIC VIOLENCE MURDER. SINCE THEN, HE'S TAKEN ON THE RESPONSIBILITY OF BEING THERE ANS TAKING CARE OF HER KIDS. THE KIDS, AND FAMILY REALLY NEEDS HIM OUT HERE WITH US.